UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK x
Christopher Turner,

                  Plaintiff

         v.

correction officers: Timothy Sewalt,
Corey May, "John Doe 1", "John Doe 2",
Megan v. Naida, Jamie Knowles,
Mark J. Belloma, Walter W. Belloma,
Brian A. Eno, Patrick J. Moffe III,
Adam A. Parks, Sergeant Brian J.
Evans, Sergeant Daniel J.
Mazzaraco, Lieutenant Michael A.
Randall, Clinical Physician II Joseph
Ricciardelli/John J. Ricciardelli,
Nurse II Shannon M. Keeney, IGPS
Misty O'Dell, Superintendent John G. Rich,
_ _ _ _ _ _ Defendants _ x

JURY TRIAL DEMANDED

DOCKET NUMBER: 21-CV-1013 JLS

DISTRICT JUDGE:



    Plaintiff, complaining of the defendants by Pro-Se, upon information and belief, respectfully alleges:

## STATEMENT OF JURISDICTION

    1. This is a civil action seeking relief and or damages to defend and protect the rights guaranteed by the Constitution of the United States which have been violated by the aforementioned Defendants. This action is brought pursuant to 42 U.S.C. § 1983 and § 1985 (2). The Court has jurisdiction over this action pursuant to

28 U.S.C. § 1331, § 1343, (3) and (4) and § 2201. The plaintiff is currently an incarcerated individual within the care, custody and control of the New York STATE DEPARTMENT OF CORRECTION and COMMUNITY SUPERVISION, Five Points Correctional Facility located at 6600 State Route 96, Romulus New York 14541. Plaintiff's Department Identification Number (DIN) is 16-A-2010. Pursuant to the Prison Litigation Reform Act, all administrative remedies as were available are exhausted and therefore the foregoing claims are properly before this Court.

## PARTIES

2. Plaintiff Christopher Turner, Din 16A2010 who is at all times relevant hereto was a incarcerated individual at the Elmira Correctional Facility (herein after "Elmira").

3. Defendant Timothy Sewalt (herein after "Sewalt"), who is at all times relevant hereto, a correction officer with the New York STATE Department of Corrections and Community Supervision (herein after "NYS DOCCS") employed at Elmira.

4. Defendant Corey May (herein after "May"), who is at all times relevant hereto a NYS DOCCS correction officer, employed at Elmira.

5. Defendant John Doe, Name fictitious intended being that of assailant, herein after "Doe" who is at all times relevant hereto a NYS DOCCS correction officer, employed at Elmira.

6. Defendant John Doe 2, Name fictitious intended being that of assailant, (herein after "Doe 2"), who is at all times relevant hereto a NYS DOCCS correction officer, employed at Elmira.

7. Defendant Megan V. Naida (herein after "Naida"), who is at all times relevant hereto a NYS DOCCS correction officer, employed at Elmira.

8. Defendant Jamie C. Knowles who is at all times relevant hereto (herein after "Knowles") a NYS DOCCS correction officer, employed at Elmira.

9. Defendant Mark J. Belloma (herein after "M. Belloma") who is at all times relevant hereto a NYS DOCCS correction officer, employed at Elmira.

10. Defendant Walter W. Belloma, (herein after "W. Belloma"), who is at all times relevant hereto a NYS DOCCS correction officer, employed at Elmira.

11. Defendant Brian A. Eno, who is at all times relevant (herein after "Eno") hereto, a NYS DOCCS correction officer and fire safety officer, employed at Elmira.

12. Defendant Patrick J. Moffe III, (herein after "Moffe") who is at all times relevant hereto a NYS DOCCS correction officer, employed at Elmira.

13. Defendant Brian J. Evans, (herein after "Evans") who is at all times relevant hereto, is a NYS DOCCS officer with the rank of correction sergeant, employed at Elmira.

14. Defendant Daniel J. Mazzaraco (herein after "Mazzaraco"), who is at all times relevant hereto, is a NYS DOCCS officer with the rank of Correction Sergeant, employed at Elmira.

15. Defendant Michael A. Randall (herein after "Randall" who is at all times relevant hereto, is a NYS DOCCS officer with the rank of Correction Lieutenant, employed at Elmira.

16. Defendant John G. Rich (herein after "Rich") is a NYS DOCCS officer with the rank of Superintendent, who is at all times relevant hereto, employed at Elmira.

17. Defendant Misty L. O'Dell (herein after "O'Dell") who is at all times relevant hereto, is a NYS DOCCS employee with the title of Inmate Grievance Program Supervisor, employed at Elmira.

18. Defendant Joseph Ricciardelli or John J. Ricciardelli (herein after "Ricciardelli") who is at all times relevant hereto, is a NYS DOCCS employee with the title of "Clinical Physician II", employed at Elmira.

19. Defendant Shannon M. Keeney (herein after "Keeney"), who is at all times relevant hereto, a NYSDOCCS employee with the title "Nurse II", employed at Elmira.

20. The address of all the aforementioned Defendants is 1879 Davis Street, Elmira, New York 14901; which is (Elmira).

21. On or about a day in the month of March 2021 at Elmira on C-3 company Megan v. Naida-(herein after Naida)- while in the vicinity of 15,16,17,18 and 19 cells, stated in sum and substance "turn the fucking music down". A unidentified individual then stated in response, in sum and substance "suck a dick bitch". Naida subsequently approached plaintiff's cell and stated in sum and substance "what did you say? You told me to suck your dick!". Plaintiff then stated in sum and substance "I wasn't the one who said that. In response Naida stated in sum and substance "you lying fucker, I heard you, I should spray your ass but I got something better in store for you, we're going to do you filthier than the last asshole we fucked up for being disrespectful, watch out" and then she walked off.

22. On March 10, 2021 the plaintiff submitted a grievance to IGPS Misty L. O'Dell-(herein after O'Dell)- pertaining to the aforementioned incident, which went unanswered. On March 28, 2021 plaintiff submitted a letter of appeal to superintendent to IGPS O'Dell, which went unanswered. On April 26, 2021 plaintiff submitted a letter of appeal to CORC to IGPS O'Dell, which went unanswered. On June 19, 2021 plaintiff sent a letter with copies of the aforementioned documents attached, certified mail/return reciept to CORC, see "Exhibit A."

23. On March 10, 2021 the plaintiff submitted a letter to Superintendent John G. Rich-(herein after "Rich")-complaining about the threats made by Naida that he feared for his safety and that he wished

to be removed from "C-Block" away from Naida and placed in a different housing unit. see attached letter "Exhibit B".

24. On March 25, 2021 Defendants Rich made rounds on C-3 company where plaintiff stated to Rich in sum and substance "I did not get a response to my letter regarding the threats from Naida, and I fear for my safety in "C-Block". Rich then stated in sum and substance " the reason you did not get a response is because I am still investigating your complaint and I will talk to the watch Commander to have you moved today or tomorrow while we investigate this". Plaintiff complaint to Rich was never investigated and he was never moved.

25. On April 2, 2021 Plaintiff submitted a Grievance to defendant O'Dell, complaining about Defendant Rich failure to take action concerning his complaints about Naida's threats, his fears for his safety and not relocating him to another housing unit as previously told by Rich. Plaintiff never recieved a response to his grievance. On April 23, 2021 plaintiff submitted a letter of appeal to Superintendent to IGPS O'Dell, which went unanswered. On May 14, 2021 plaintiff submitted a letter of appeal to CORC to IGPS O'Dell which went unanswered. On June 19, 2021 plaintiff sent a letter with copies of the aforementioned documents attached, certified mail/ return reciept to CORC, See Exhibit C.

26. On April 12, 2021 ; April 16, 2021 and April 17, 2021 Defendant Naida searched Plaintiff's cell, falsely produced gang material and authored a falsified Inmate Misbehavior Reports based on falsified evidence she planted which resulted in plaintiff recieving 270 days in solitary Confinement which was reviewed and affirmed upon plaintiff's administrative appeal on June 9, 2021. The

Inmate Misbehavior Report which resulted in 180 days in solitary confinement was reviewed and modified upon plaintiff's administrative appeal on May 28, 2021.

27. On April 15, 2021 during the testimony of Naida at Plaintiff's hearing, plaintiff confronted her about being corrupt. Later on that day while plaintiff was in the shower cell undressing and attempting to utilize the shower, Naida approached the shower cell and made sexually obscene and degrading comments about plaintiff's body. Naida then stated to plaintiff in sum and substance "your complaints have fallen on deaf ears, the Superintendent and the grievance supervisor and everyone that works here at Elmira takes care of each other and they won't stop me from getting your ass beat, they let me see everyone of your snitching letters which went right in the trash. Subsequently she pulled out her OC spray and aimed it in my direction in a menacing manner. This same day Plaintiff submitted a complaint letter to Defendant Rich. On April 25, 2021 plaintiff submitted a grievance to the Five Points Correctional Facility IGPS.

28. On April 16, 2021 Correction officer John "Doe 1" while taking a list for the kiosk stated to plaintiff in sum and substance "per Naida your not using the kiosk today". Subsequently plaintiff began yelling requesting to speak to the sergeant and mental health. Subsequently minutes later Defendant Sewalt approached plaintiff's cell and stated in sum and substance I'm tired of your shit, you want the sergeant, you want mental health, you got it". He then reached up with a lighter and melted the fire detector

that was away from plaintiff cell towards the left on C-3 company and walked away. Defendant Sewalt subsequently returned with defendant May who was carrying a fire extinguisher and Doe 2 who was holding oc spray in his hand. May stated in sum and substance "we should spray his ass" gesturing with the fire extinguisher. subsequently plaintiff grabbed his sheet and stretched it out in front of him blocking thier view of him from the waist up.

29. Subsequently Doe 2 began spraying oc spray into plaintiff's cell into and above the sheet without cause, justification or provocation causing plaintiff severe burning sensations to his face, eyes and mouth. Plaintiff dropped the sheet and lifted the bed frame from the floor in a upright position while Sewalt yelled to Doe 1 to open plaintiff's cell. Plaintiff attempted to baricade his cell to stop Sewalt from entering but was unsuccessful. Sewalt gained entry into the cell and while in the cell and on the company, Sewalt, May and Doe 2 did punch, beat, kick, strike, stomp, pummel and hold plaintiff's body, face, arm, back, legs and feet intentionally, viciously, maliciously, and wantonly, resulting in serious injury.

30. Defendants Sewalt, Doe 2 and May did drag plaintiff down 3 company while he was handcuffed, to the stair landing area where defendant Naida was waiting and together they beat, punch, kick, strike, stomp, pummel and hold plaintiff's body, face, arm, back, legs and feet intentionally, viciously, maliciously and wantonly, resulting in serious injury to body, face and eye. During the beating plaintiff was called a nigger by either May or Doe 2 who had also

stated in sum and substance "this is the type of remedy you get for filing complaints and disrespecting our females.

31. In furtherance of the aforementioned actions of the defendants, Naida sexually abused plaintiff by placing her hand in between plaintiffs buttocks and slightly penetrated his anus while stating in sum and substance "who's the bitch that's sucking dick now" she then spit on plaintiff.

32. Defendants Doe 1 and Evans stood by the stairs watching the beating and assault occur and did not intervene to stop it.

33. Subsequently after the beating and minutes later, plaintiff was escorted to the infirmary where Sewalt and Doe 2 followed and taunted him.

34. While in the infirmary plaintiff was examined by defendant Keeney. Plaintiff reported the sexual abuse, the assault and beating and the vision loss and pain in his left eye. Keeney immediately attempted to discredit plaintiff by stating in sum and substance, "they would never do such a thing". Plaintiff stated to her that he had Naida's DNA on his body due to her spitting on him and requested a sexual assault exam at a hospital, so that evidence may be collected and preserved. Keeney's response was "did you smoke "k2" today because I think you need a drug test". Keeney did not refer plaintiff to a specialist and did not document his reported loss of vision and eye injury which resulted in additional vision loss.

35. Defendant Joseph Ricciardelli examined plaintiff's buttocks but did not examine the anus, falsely reported that plaintiff did not allow him to touch him. Ricciardelli did not refer plaintiff to a specialist for the loss of vision resulting in additional loss and failed to x-ray plaintiff's foot and order the medication for pain and swelling.

36. On April 19, 2021 Plaintiff submitted a Grievance to defendant O'Dell complaining about Defendants Keeney and Ricciardelli inadequate medical care and Defendants Deel and Evans failure to stop the beating. On May 6, 2021 plaintiff submitted a letter of appeal to Superintendent to the IGPS O'Dell which went unanswered. On May 27, 2021 plaintiff submitted a letter of appeal to CORC to IGPS O'Dell which went unanswered. On June 19, 2021 plaintiff sent a letter with copies of the aforementioned documents attached, certified mail/return reciept to CORC. see Exhibit D.

37. subsequently Plaintiff was escorted from the infirmary to the "RTCP OMH suicide observation cell" where during the strip frisk search Defendants Moffe and Muzzarraco did beat, punch, kick, strike, stomp, and pummel plaintiff while Defendants Knowles, M. Belloma, W. Belloma and Parks held plaintiff intentionally, viciously, maliciously and wantonly resulting in plaintiff sustaining serious injury.

38. The Defendants then authored falsified misbehavior reports falsely accussing plaintiff of assaulting staff and possessing

weapons resulting in solitary confinement of 365 days and 60 days. See attached appeal responses and letters to exhaust administrative remedies, "Exhibit E".

39. On April 25, 2021 Plaintiff submitted a grievance on the assaults, beating, and sexual abuse and a grievance on the threats and harassment of all the aforementioned defendants to the Five Points Correctional Facility IGPS. On June 30, 2021 Plaintiff submitted a letter of appeal to the Five Points Superintendent and the Five Points IGPS requesting to appeal to the CORC. Plaintiff's appeal was sent to the CORC on July 6, 2021 and is therefore exhausted. See the aforementioned documents and the documents described in paragraph "27" attached hereto as Exhibit E.

40. Defendant Randall who was in the infirmary and was present when Plaintiff made statements of being assaulted, beaten and sexually abused by staff and when Defendant Sewait whom was in his presence was taunting and threatening plaintiff stating in sum and substance "they already got the word, get ready for round two" gesturing to the escorts"; permitted plaintiff to be assaulted and beaten again when he failed to adequately supervise defendants and when he failed to order the handheld camera record plaintiff being escorted to the RTCP cell until secured; especially since that is the normal practice of the department, when an inmate has accussed staff of assault, sexual abuse and staff has made claims of an inmate that is being combative.

41. Defendant O'Dell obstructed and interfered with Plaintiff's access to the Elmira Grievance Program, when she failed to submit grievances to the Inmate Clerk for filing; failed to submit plaintiff's letters of appeal to the Superintendent and to the CORC on numerous occassions and giving Defendant Naida his grievances to throw in the trash, thereby permitting plaintiff to be assaulted, beaten and denied his right to free speech. On April 19, 2021 Plaintiff submitted a grievance to the Inmate Grievance Program complaining of O'Dell's conduct which went unanswered. On May 6, 2021 plaintiff submitted a letter of appeal to Superintendent to the IGPS O'Dell which went unanswered. On May 27, 2021 plaintiff submitted a letter of appeal to CORC to IGPS O'Dell which went unanswered. On June 19, 2021 Plaintiff sent a letter with copies of the aforementioned documents attached, certified mail/return reciept to CORC directly. See Exhibit F.


42. Defendant Eno conspired with Sewall, May, Naida, and Doe 2 to set plaintiff up and start a falsified investigation to retaliate against plaintiff based on his complaints of threats by Naida and to help cover up the assault and beaten. After the assault and beating of plaintiff ceases Naida pulled Eno, Sewall, May and Doe 2 to the side and stated in sum and substance "since he likes to write complaints and lawyers, we have to dot all our i's and cross our t's." Grab that fishing pole right there by the garbage, burn it and say he used that to start a fire". Sewall then handed Eno a lighter and Eno walked towards the direction of plaintiff's cell.

## AS AND FOR THE FIRST CAUSE OF ACTION
## EXCESSIVE FORCE

43. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs number "1" through "42" inclusive as if fully set forth herein at length.

44. That on April 16, 2021 Defendants Sewalt, May, "Doe 2", Naida, Knowles, M. Belloma, W. Belloma, Moffe, Parks, and Mazzaraco did violate Plaintiff's Eight Amendment Constitutional Right to be free of excessive use of force by intentionally, viciously, maliciously and wantonly holding, striking, punching, kicking, stomping, pummeling, and beating Plaintiff without cause or provocation

45. That the aforesaid incident resulted in injuries to plaintiff which were caused through no fault of his own but were soley and wholly by reason of the misconduct of the aforementioned defendants.

46. Plaintiff has satisfied the objective and subjective requirements to establish an Eight Amendment violation.

## AS AND FOR THE SECOND CAUSE OF ACTION
## FAILURE TO PROTECT

47. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs number "1" through "46" inclusive as

if fully set forth at length.

48. That on April 16, 2021 Defendants "Doe 1", Evans, Parks, M. Belloma, W. Belloma and Knowles acted with deliberate indifference to plaintiff's health and safety by permitting other defendants to intentionally, viciously, maliciously and wantonly hold, strike, punch, kick, stomp, pummel and beat plaintiff, in failing to intervene and stop the beating and assault and prevent harm to plaintiff.

49. That on April 16, 2021 and at all times mentioned herein Defendants Rich and O'Dell acted with deliberate indifference to plaintiff's health and safety in permitting other pertinent defendants to intentionally, viciously, maliciously and wantonly hold, strike, punch, kick, stomp, pummel and beat plaintiff by failing to act on plaintiff's grievances, letters and verbal conversation notifying and informing them of officer's threat of violence and harm and that Rich and O'Dell knew or should have known that plaintiff was in danger of imminent risk of harm and or beating by officer(s) in C Block.

50. That on April 16, 2021 Defendants "Doe 1", "Doe 2", Sewalt, May, and evans acted with deliberate indifference to plaintiff's health and safety by permitting Naida to intentionally, viciously, maliciously and wantonly sexually abuse plaintiff in failing to intervene, stop and prevent sexual abuse to plaintiff.

51. That on April 16, 2021 Defendant Randall acted with

deliberate indifference to plaintiff's health and safety in permitting Defendants Knowles, M. Belloma, W. Belloma, Moffe, Parks and Mazzaruco to intentionally, viciously, maliciously, and wantonly hold, strike, punch, kick, stomp, pummel and beat plaintiff by failing to act on plaintiff's verbal statement informing him of the beating and sexual abuse and Defendant Sewalt's threat of further violence and harm, in failing to take appropriate and necessary action to ensure plaintiff's safety and well being and to prevent further harm, when he knew or should have known that plaintiff was in danger of imminent risk of harm and or beating by the escorting officers.

52. That on April 16, 2021 Defendants at all times herein mentioned created a condition of confinement that objectively posed an unreasonable risk of serious harm to plaintiff current and future health and the defendants acted with deliberate indifference.

## AS FOR THE THIRD CAUSE OF ACTION
## CRUEL AND UNUSUAL PUNISHMENT

53. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs "1" through "52" inclusive as if fully set forth herein at length.

54. That on April 16, 2021 Defendant Naida did intentionally, viciously, maliciously and wantonly did sexually abuse plaintiff which resulted in him suffering pain, mental anguish and emotional distress.

AS FOR THE FOURTH CAUSE OF ACTION

FAILURE TO PROVIDE MEDICAL TREATMENT


55. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs "1" through "54" inclusive as if fully set forth herein at length.


56. Defendant Ricciardelli and Defendant Keeney exercised deliberate indifference to plaintiff's health by failing to provide adequate medical care to him following the assault and beatings. Ricciardelli intentionally did not examine plaintiff's left eye, failed to order x-rays of plaintiff's foot, refused to order plaintiff pain medication for his face, eye, head, back and foot. Ricciardelli refused to conduct an adequate sexual assault examination or send plaintiff out to the hospital to have one completed and evidence collected. Ricciardelli and Keeney failed to report some of plaintiff's injuries, refer him to a specialist for his eye and admitted him to suicide watch even though plaintiff did not express suicidal ideations.


57. As a result of Ricciardelli and Keeney's deliberate indifference to plaintiff's condition, Plaintiff suffered further pain. He continued to suffer loss of vision and developed an infection in his eye that further deteriated his eye sight, and pain throughout his body.

AS FOR THE FIFTH CAUSE OF ACTION

CONSPIRACY TO OBSTRUCT JUSTICE

58. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs "1" through "57" inclusive as if fully set forth herein at length.

59. Defendants Eno, Naida, Sewalt, May and Doe 2 did conspire with one another to obstruct justice in covering up misconduct of assault and beating of plaintiff and in staging a fire incident and in planting false evidence in support of the staged fire incident to be used in documenting the cover up of the assault and beating.

60. Defendants Knowles, M. Belloma, W. Belloma, Moffe, Parks and Mazzaraco did conspire with one another to obstruct justice in covering up misconduct of assault and beating and in planting false weapons to be used in documenting the cover up of the assault and battery and to falsely justify their use of force.

61. As a result of defendants actions, plaintiff was deprived of liberty and suffered further mental anguish and emotional distress.

AS FOR THE SIXTH CAUSE OF ACTION

VIOLATION OF DUE PROCESS AND UNLAWFUL CONFINEMENT

62. Plaintiff repeats and realleges each and every allegation as

the preceding paragraphs number "1" through "61" inclusive as if fully set forth herein at length.

63. Defendants Naida, Sewalt, May, Knowles, M. Belloma, W. Belloma, Moffe, Parks and Mazzaraco did violate Plaintiff's Constitutional Right to due Process in unlawfully confining plaintiff to solitary confinement as a result of their misconduct which was followed by their false statements giving rise to the disciplinary charges placing plaintiff in solitary confinement.

64. As a result of the Defendants actions plaintiff suffered an atypical and significant hardship which violated his protected liberty interest and suffered further mental anguish and emotional distress.

## AS FOR THE SEVENTH CAUSE OF ACTION
## RETALIATION

65. Plaintiff repeats and realleges each and every allegation of the preceeding paragraphs "1" through "64" inclusive as if fully set forth herein at length.

66. Defendants Naida, May, Sewalt and Doe 2 harrassed, assaulted and caused harm to plaintiff in retaliation for the letters and grievances he submitted to O'Dell and Rich. At one point after the assault and beating Defendant Sewalt had

stated to Plaintiff in sum and substance "How's that for fake news" to berate Plaintiff for his comments to Naida about the false reports she wrote which he made the day before where he stated in sum and substance "that ticket you wrote is fake news".

67. Defendants Naida, May, Sewalt and Doe 2 harrassed, assaulted and caused harm to plaintiff in retaliation for his requests to speak to the sergeant and mental health.

68. Defendants Eno, Naida, Sewalt, May and Doe 2 conspired with each other to plant evidence of a fire and then made false statements to cover up their misconduct and had plaintiff placed in solitary confinement to retaliate against plaintiff for his complaints to Rich and O'Dell and to hurt his credibility in any future complaints and deter him from making complaints.

69. Defendant Rich and O'Dell gave Naida plaintiff's complaints to review and throw away, refused to file plaintiff's grievances and did not investigate plaintiff complaints in retaliation of plaintiff submitting his complaints about Naida to them.

70. As a result of the defendants retaliatory actions plaintiff suffered further mental anguish.

71. That by reason of the foregoing paragraphs numbered "1"

through "70", plaintiff was caused to sustain serious, harmful and permanent injuries, has been and will be caused great bodily injuries and pain, shock, apprehension, mental anguish and suffering; loss of normal pursuits and pleasures of life; has been and still continues to be sick, sore, lame and disabled; has been and still continues to be sick, sore, lame and disabled; has been as he is informed and verily believes maybe permanently injured; has and will be prevented from attending to usual duties; has incurred and will incur great expense for medical care and attention; all to plaintiff's damage, compensatory, punitive and exemplary, in an amount no less than $500,000

72. Plaintiff reserves the right to amend the caption and complaint to reflect the true and correct names of Defendants John Doe 1 and John Doe 2 respectively once discovery is know.

73. Plaintiff affirms under the penalty of perjury that upon information and belief, there are no other related actions or proceedings in State or Federal Court concerning these facts and claims, nor has plaintiff ever filed any other action or proceeding in Federal Court.

WHEREFORE, Plaintiff demands judgment against each and every defendant in an amount no less than 500,000, together with the costs and disbursement of this action.

Date: August 30, 2021

Signature of Plaintiff

# EXHIBIT A

- March 10, 2021 Grievance

- March 28, 2021 Letter of Appeal to Superintendent

- April 26, 2021 Letter of Appeal to CORC

- June 19, 2021 Letter to CORC Directly

- Copy of USPS certified mail/return reciept to CORC

STATE OF NEW YORK DEPARTMENT OF CORRECTION & COMMUNITY SUPERVISION

### INMATE GRIEVANCE COMPLAINT

Elmira Correctional Facility

Grievance No.

Christopher Turner    Din: 16A2010    Date 3/10/2021  Loc: C-3-19

Description of Problem:

While I was sitting in my cell listening to music C.O. Naida approached me accussing me of disrespecting her and then she started threating me with violence and to spray me. I took her threats that she means to have me jumped and beat up by her and other C.O.'s. I am scared that this is really going to happen because C.O.'s are known for beating inmates in C-Block and setting them up. Naida is known to be corrupt.

Grievant Signature: Christopher Turner

Action Requested by Grievant:

I want her investigated and I want to move out of C-Block away from her.

CC: File

Christopher Turner
Din: 16A2010
Five Points C.F.
6600 State Route 96
Romulus, N.Y. 14541

April 26, 2021

Attention:
Inmate Grievance Program Supervisor O'Dell
Elmira Correctional Facility
1879 Davis Street
Elmira, N.Y. 14901

RE: Notice of Appeal to CORC of March 10, 2021 Grievance "threats of violence by C.O. Naida"

Please Take Notice, that I have not recieved a decision from the Superintendent within twenty (20) calendar days. I have not signed an extension form. I am excercising my right under Directive 4040, Section 701.5 (d)(1), to appeal to the next stage. I want my appeal sent on to the CORC.

Dated: 4/26/21

Respectfully Submitted,
Christopher Turner
Christopher Turner

CC: File

Christopher Turner
Din: 16A2010
Elmira C.F.
C-3-19

March 28, 2021

Attention: Inmate Grievance Program Supervisor O'Dell
Elmira Correctional Facility

Re: Notice of Appeal to Superintendent of March 10 2021 Grievance
"threats of violence by C.O. Nuida"

Sixteen (16) calendar days have passed without me being notified
of a decision by the IGRC. I have not signed an extension form.
I am excercising my right under Directive 4040, Section 701.5
(c)(i), to appeal to the next stage. I want my appeal sent on
to the Superintendent. Thank you for your prompt attention to
this matter.

Dated: 3/28/21

Respectfully Submitted,

Christopher Turner
Din 16A2010

CC: File

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Central Office Review Committee
New York State DOCCS
The Harriman State Campus
1220 Washington Avenue
Albany, N.Y. 12226-2050

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 6081 0125 2195 66

2. Article Number *(Transfer from service label)*

7020 0640 0000 7078 4737

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*      C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

RECEIVED
JUN 2 3 2021
Mailroom

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ___ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

Christopher Turner
Din: 16A2010
Five Points C.F.
6600 State Route 96
Romulus, N.Y. 14541

June 19, 2021

To: Central Office Review Committee (CORC)
NYS Department of Correction & Community Supervision
1220 Washington Avenue, Albany, N.Y. 12226-2050

Re: Unanswered Grievances and Appeals. Access to Elmira IGP is being obstructed and interfered with by IGPS 'O'Dell'.

Dear CORC,

Please be advised that IGPS O'Dell has obstructed my access to the IGP by not submitting my grievances to the Grievance Clerk for filing. She is not filing my appeals to the Superintendent or the CORC. Attached to this letter is my March 10, 2021 Grievance March 28 2021 Appeal, April 26 Appeal; April 2, 2021 Grievance, April 23,2021 Appeal, May 14, 2021 Appeal; April 19, 2021 Grievance, May 6, 2021 Appeal, May 27, 2021 Appeal; April 19, 2021 Grievance, May 6, 2021 Appeal, and May 27, 2021 Appeal. Please file my appeals and direct O'Dell to conduct an investigation into these grievances. I am sending this letter and the aforementioned documents through the United States Postal Service Certified Mail/Return Reciept Service and the following are the tracking numbers.

Certified Mail # 7020 0640 0000 7078 4737
Return Reciept # 9590 9402 6081 0125 2195 66

Dated: 6/19/21

Respectfully Submitted,
Christopher Turner
Christopher Turner

CC: File

# EXHIBIT B

- March 10, 2021 Complaint Letter to Superintendent Rich

To: Superintendent Rich

From: C. Turner, 16A2010 , C-3-19

March 10, 2021

RE. Threats of violence and harassment by C.O. Naida

Sir,

C.O. Naida approached my cell accussing me of being disrespectful and that I told her to suck a dick when I did not. She threatened me and I took her threats to mean that she was going to have me jumped and beat up by her and other C.O.'s. The culture here in C Block is really oppressive and I am afraid for my well being and safety. I respectfully request that you move me away from this corrupt lady.

Respectfully Submitted,

Christopher Turner
Christopher   Turner

CC: File

# EXHIBIT C

- April 2, 2021 Grievance

- April 23, 2021 Letter of Appeal to Superintendent

- May 14, 2021 Letter of Appeal to CORC

- June 19, 2021 letter to CORC Directly

- Copy of USPS certified mail/return reciept to CORC

STATE OF NEW YORK DEPARTMENT OF CORRECTION & COMMUNITY SUPERVISION

INMATE GRIEVANCE COMPLAINT

Elmira Correctional Facility

Grievance No.

Christopher Turner    Din: 16A2010    Date 4/2/21    Loc: C-3-19

Description of Problem:

Superintendent Rich made rounds on C-3 company and I stopped him asking why didn't he respond to my letter regarding C.O. Naida's threats against me and I told him that I feared for my safety due to the threats and that a few Officers were giving me menacing looks. Rich said that he was still investigating and that he was going to have me moved off of C-Block. He said this a week ago and it is now April and I am still in C-Block afraid to leave my cell sometimes.

Grievant Signature: Christopher Turner

Action Requested by Grievant:

I want to be moved out of C-Block away from Naida.

CC: File

Christopher Turner
Din. 16A2010
Five Points C.F.
6600 State Route 96
Romulus, N.Y. 14541

April 23, 2021

Attention:

Inmate Grievance Program Supervisor O'Dell
Elmira Correctional Facility
1879 Davis Street
Elmira, N.Y. 14901

Re: Notice of Appeal to Superintendent of April 2, 2021 Grievance "Superintendent Rich didn't take action against threats made by Maida".

Sixteen (16) calendar days have passed without me being notified of a decision by the IGRC. I have not signed an extension form. I am excercising my right under Directive 4040, Section 701.5 (c)(1), to appeal to the next stage. I want my appeal sent on to the Superintendent. Thank you for your prompt attention to this matter!

Respectfully Submitted,
Christopher Turner
Christopher Turner

cc: File

Christopher Turner
Din: 16A2010
Five Points C.F.
6600 State Route 96
Romulus, N.Y. 14541

May 14, 2021

Attention:
Inmate Grievance Program Supervisor "O'Dell"
Elmira Correctional Facility
1879 Davis Street
Elmira, N.Y. 14901

Re: Notice of Appeal to CORC of April 2, 2021 Grievance
"Superintendent Rich didn't take action against threats made by Naida"

Please Take Notice, that I have not recieved a decision from the Superintendent within twenty (20) calendar days. I have not signed an extension form. I am excercising my right under Directive 4040, Section 701.5 (d)(1), to appeal to the next stage. I want my appeal sent on to the CORC. Thank you for your prompt attention to this matter.

Respectfully Submitted,
Christopher Turner
Christopher Turner
Din: 16A2010

CC: File

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse<br>   so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece,<br>   or on the front if space permits. | A. Signature<br>X _____  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br>*Central Office Review Committee*<br>*New York State DOCCS*<br>*The Harriman State Campus*<br>*1220 Washington Avenue*<br>*Albany, N.Y. 12226-2050* | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No<br><br>RECEIVED<br>JUN 2 3 2021<br>Mailroom |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 6081 0125 2195 66 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ ____ Restricted Delivery | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted<br>   Delivery<br>☐ Return Receipt for<br>   Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation<br>   Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>7020 0640 0000 7078 4737 | |
| PS Form 3811, July 2015 PSN 7530-02-000-9053 | Domestic Return Receipt |

Christopher Turner
Din: 16A2080
Five Points C.F.
6600 State Route 96
Romulus, N.Y. 14541

June 19, 2021

To: Central Office Review Committee (CORC
    NYS Department of Corection & Community Supervision
    1220 Washington Avenue, Albany, N.Y. 12226-2050

Re: Unanswered Grievances and Appeals - Access to Elmira IGP is being
obstructed and intefered with by IGPS 'O'Dell".

        Dear CORC,

        Please be advised that IGPS O'Dell has obstructed my access
to the IGP by not submitting my grievances to the Grievance
Clerk for filing. She is not filing my appeals to the Superintendent
or the CORC. Attached to this letter is my March 10, 2021 Grievance
March 28 2021 Appeal, April 26 Appeal, April 2, 2021 Grievance, April 23,2021
Appeal, May 14, 2021 Appeal, April 19, 2021 Grievance, May 6, 2021 Appeal,
May 27, 2021 Appeal, April 19, 2021 Grievance, May 6, 2021 Appeal, and
May 27, 2021 Appeal. Please file my appeals and direct O'Dell to
conduct an investigation into these grievances. I am
sending this letter and the aforementioned documents through
the United States Postal Service Certified Mail/Return Reciept
Service and the following are the tracking numbers.

Certified Mail # 7020 0640 0000 7078 4737
Return Reciept # 9590 9402 6081 0125 2195 66

Dated: 6/19/21                    Respectfully Submitted,
                                  Christopher Turner
                                  Christopher Turner

CC: File

# EXHIBIT D

- April 19, 2021  Grievance

- May 6, 2021  Letter of Appeal to Superintendent

- May 27, 2021  Letter of Appeal to CORC

- June 19, 2021  Letter to CORC

- Copy of USPS certified mail/return reciept to CORC

STATE OF NEW YORK DEPARTMENT OF CORRECTION & COMMUNITY SUPERVISION

INMATE GRIEVANCE COMPLAINT

Elmira Correctional Facility

Grievance No.

Christopher Turner    Din: 16A2010    Date: 4/19/21

Description of Problem: The nurse and the Doctor provided me with inadequate Medical Care on 4/16/21 they did not address my foot injury, eye injury and refused to do a Exam of my Eye, refused to conduct a sexual assault exam, refused to give me pain medication when I stated I was in pain and wrote me off as if I was a drug addict and mental nut case attempting to discredit my PREA allegations. Furthermore C.O's, Sergeants, and a Lieutenant allowed me to get jumped on and beat up again when I was transfered/escorted from the Nurse & Doctor Station to the MHU, The Lieutenant heard and saw Sewalt threaten me and tell the escorts to jump on me again and didn't do anything

Grievant Signature ~~Christopher Turner~~

Action Requested by Grievant:

I want them all investigated and disciplined.

Christopher Turner

Din: 16A2010

Five Points C.F.

6600 State Route 96

Romulus, N.Y. 14541


May 6, 2021

Attention:

Inmate Grievance Program Supervisor "O'Dell"

Elmira Correctional Facility

1879 Davis Street, Elmira N.Y. 14901


Re: Notice of Appeal to Superintendent of April 19, 2021 Grievance "Inadequate Medical Care and failure to stop beating and prevent harm".


Sixteen (16) Calendar days have passed without me being notified of a decision by the IGRC I have not signed an extension form. I am excercising my right under Directive 4040, Section 701.5 (c)(1), to appeal to the next stage. I want my appeal sent on to the Superintendent.


5/6/2021

Respectfully Submitted

Christopher Turner

Christopher Turner


CC: File

Christopher Turner
Din : 16A2010
Five Points C.F.
6600 State Route 96
Romulus, N.Y. 14541

May 27, 2021

Attention:
Inmate Grievance Program Supervisor "O'Dell"
Elmira Correctional Facility
1879 Davis Street
Elmira, N.Y. 14901

Re: Notice of Appeal to CORC of April 19, 2021 Grievance
"Inadequate Medical Care and failure to stop beating and prevent harm"

Please Take Notice, that I have not recieved a decision
from the Superintendent within twenty (20) calendar days
I have not signed an extension form. I am excercising
my right under Directive 4040, Section 701.5 (d)(1), to appeal
to the next Stage. I want my appeal sent on to the CORC.

Dated : 5/27/21                    Respectfully Submitted,

                                   Christopher Turner
                                   Christopher Turner

CC : File

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Central Office Review Committee
New York State DOCCS
The Harriman State Campus
1220 Washington Avenue
Albany, N.Y. 12226-2050

9590 9402 6081 0125 2195 66

2. Article Number (Transfer from service label)

7020 0640 0000 7078 4737

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

RECEIVED
JUN 23 2021
Mailroom

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ll Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

Christopher Turner
Din: 16A2080
Five Points C.F.
6600 State Route 96
Romulus, N.Y. 14541

June 19, 2021

To: Central Office Review Committee (CORC
   NYS Department of Correction & Community Supervision
   1220 Washington Avenue, Albany, N.Y. 12226-2050

Re: Unanswered Grievances and Appeals. Access to Elmira IGP is being obstructed and interfered with by IGPS "O'Dell".

       Dear CORC,

       Please be advised that IGPS O'Dell has obstructed my access to the IGP by not submitting my grievances to the Grievance Clerk for filing. She is not filing my appeals to the Superintendent or the CORC. Attached to this letter is my March 10, 2021 Grievance, March 28, 2021 Appeal, April 26 Appeal, April 2, 2021 Grievance, April 23, 2021 Appeal, May 14, 2021 Appeal, April 19, 2021 Grievance, May 6, 2021 Appeal, May 27, 2021 Appeal, April 19, 2021 Grievance, May 6, 2021 Appeal, and May 27, 2021 Appeal. Please file my appeals and direct O'Dell to conduct an investigation into these grievances. I am sending this letter and the aforementioned documents through the United States Postal Service Certified Mail/Return Reciept Service and the following are the tracking numbers.

Certified Mail # 7020 0640 0000 7078 4737
Return Reciept # 9590 9402 6081 0125 2195 66

Dated: 6/19/21

                          Respectfully Submitted,
                          Christopher Turner
                          Christopher Turner

CC: File

# EXHIBITE

- Appeal Responses and Letters for the falsified Inmate Misbehavior Reports.

- April 25, 2021 Grievances

- June 30, 2021 Letter of Appeal to Superintendent and CORC

- July 14, 2021 Letter from Superintendent notifying me that my appeal was sent to the CORC.

- Various Correspondence from Five Points IGPS concerning grievances.

- April 15, 2021 Complaint Letter to Superintendent as described in paragraph 27.

State of New York - Department of Correction & Community Supervision

INMATE GRIEVANCE COMPLAINT

Five Points Correctional Facility          Grievance No.

Name: Christopher Turner    Din: 16A2010    LOC: RMHU-C-1
Date: 4/25/21

Description of Problem:

In Friday April 16, 2021 at around 3:45-4:30 I
was assaulted, sexually abused, sprayed with OC spray
by several officers including M. Naida. I suffered
a black eye, bruising all over my body, an injured
right foot. I was called a nigger and other
degrading names. Medical Staff has still not taken
x-rays of my right foot which I believe a bone
was fractured. This occurred at Elmira C.F.

Grievant Signature: Christopher Turner

Action Requested by Grievant:

I respectfully request an x-ray is taken of my
right foot and the complaint investigated.

CC: File

STATE OF NEW YORK DEPARTMENT OF CORRECTION & COMMUNITY SUPERVISION

INMATE GRIEVANCE COMPLAINT

Five Points Correctional Facility                    Grievance No.

Name: Christopher Turner  Din: 16A2010    LOC: RMHU-C-1
Date: 4/25/21

Description of Problem:

   On 4/15/21 At the Elmira C.F. at around 1pm I was threatened, sexually harassed and degraded by officer M. Naida, while I was locked in the shower/slop sink area Naida backed me down with OC spray. That same day I reported Naida actions via 4 by 7 index cards with the To and From Highlighted to the Superintendent, First Deputy Superintendent, Deputy Superintendent Security and the Assistant Deputy Superintendents for both Mental Health and PREA. No Prea investigation or were my complaint investigated

Grievant Signature   Christopher Turner

Action Requested by Grievant:

   I respectfully request an explaination as to why none of the 5 members of the Elmira Executive Team never took appropriate action regarding my correspondence to them about this incident.

CC: FILE

Page 1

| FILE # | COD | DATE FILED | NAME | DIN NUMBER | LOCATION | GRIEVANCE TITLE (LIKES) | INFORMAL DATE IGRC | IGRC HEARING DATE | IGRC | DATE TO SUPT | DATE SUPT RESP | SUPT RESP | DATE TO CORC | DATE CORC RESP | CORC RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 929 | 49.2 | 4/27/2021 | TURNER, C | 16A2010 | 77-0C-001 | SEXUALLY HARASSED (1) | 4/27/2021 | 4/27/2021 | I | | | | | | |
| 630 | 49 | 4/27/2021 | TURNER, C | 16A2010 | 77-0C-001 | THREATS/ASSAULTED | | | PT | 4/27/2021 | 7/6/2021 | PT | 7/6/2021 | | |
| 798 | 22.1 | 5/24/2021 | TURNER, C | 16A2010 | 77-B-14 | REVIEW MEDICAL RECORDS | | 6/11/2021 | U | | | | | | |
| 879 | 44 | 6/15/2021 | TURNER, C | 16A2010 | 77-B-14 | MARCY C.F. DIDN'T FULL FILE APPEAL | | | | | | | | | |
| 888 | 23 | 6/15/2021 | TURNER, C | 16A2010 | 77-B-14 | DIDN'T GET FULL USE OF TABLET | | 6/22/2021 | U | | | | | | |
| 004 | 33 | 7/19/2021 | TURNER, C | 16A2010 | 77-B-14 | BROKEN TV | | 7/21/2021 | DC | | | | | | |

SATISFACTORY                S          SATISFACTORY APPEALED      SA
DENIED                      U          DENIED APPEALLED           UA
PASS-THROUGH/UNTIMELY       PT         WITHDRAWN                  W
DISMISSED AND CLOSED        DC         REFERRED                   R
INFORMALLY RESOLVED/PREA    I          DEADLOCKED                 DL

 **NEW YORK STATE** | **Corrections and Community Supervision**

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

To: Turner, C 16A2010/MH-0I-005

From: M. Schultz, IGPS

Date: 8/3/21

Subject: List

      Attached is a list of the grievances I currently have on file for you.

Christopher Turner
Din: 16A2010
Five Points C.F.
77-B-14

June 30, 2021

Attention:
(IGRC) Inmate Grievance Resolution Committee
Five Points Correctional Facility
6600 State Route 96
Romulus, New York 14541

RE: Notice of Appeal to CORC Grievance No. FPT 630-21
"Threats/Assaulted" passed through to the Superintendent on
April 27, 2021.

Please Take Notice, that I have not recieved a
decision from the Superintendent within sixty (60)
calendar days. I have not signed an extension form. I am
excercising my right under Directive 4040, Section 701.5
(d) (1), to appeal to the next stage. I want my appeal
sent on to the CORC, Thank you for your prompt attention
to this matter!

Dated: June 30, 2021

Respectfully Submitted,
Christopher Turner
Christopher Turner
Din: 16A2010

CC: File, Superintendent, IGPS, CORC

Christopher Turner
Din:16A2010
Five Points C.F.
77-B-14

June 30, 2021

Attention: M. Schultz
Inmate Grievance Program Supervisor
Five Points Correctional Facility
6600 State Route 96
Romulus, New York 14541

RE: Notice of Appeal to CORC Grievance No. FPT-630-21
"Threats/Assaulted" passed through to the Superintendent
on April 27, 2021.

    Please Take Notice, that I have not recieved a
decision from the Superintendent within sixty (60)
calendar days. I have not signed an extension form. I
am excercising my right under Directive 4040, Section
701.5 (d) (1), to appeal to the next stage. I want
my appeal sent on to the CORC. Thank you for
your prompt attention to this matter!

Dated: June 30, 2021          Respectfully Submitted,
                              Christopher Turner
                              Christopher Turner
                              Din:16A2010


CC: File, Superintendent, IGRC, CORC

Christopher Turner
Din 16A2010
Five Points C.F.
77-B-14

June 30, 2021

Attention:
Superintendent Lamanna
Five Points Corr. Facility
6600 State Route 96
Romulus, New York 14541

RE: Notice of Appeal to CORC Grievance No. FPT 630-21
"Threats/Assaulted" passed through to the Superintendent on
April 27, 2021.

      Please Take Notice, that I have not recieved a

decision from the Superintendent within sixty (60)

calendar days. I have not signed an extension form. I am

excercising my right under Directive 4040, Section 701.5

(d) (1), to appeal to the next stage. I want my appeal

sent on to the CORC. Thank you for your prompt attention

to this matter!

Dated: June 30, 2021                    Respectfully Submitted,
                                        Christopher Turner
                                        Christopher Turner
                                        Din 16A2010


CC: File, IGPS, IGRC, CORC



**NEW YORK STATE** | **Corrections and Community Supervision**

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

TO:         C. Turner          16A2010          77-0B-014

FROM:    A. LaManna, Superintendent

DATE:    July 14, 2021

SUBJECT:    Grievance

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

In your response to your inquiry regarding FPT-630-21 I have been advised it was sent straight to CORC per your request.

AL/amr

Cc:  File

STATE OF NEW YORK-DEPARTMENT OF CORRECTIONS ¿COMMUNITY SUPERVISION

INMATE GRIEVANCE COMPLAINT

Grievance No.

FIVE POINTS CORRECTIONAL FACILITY

Christopher Turner        Dept No.: 16A2010    Housing Unit; 77-B-14

Description of Problem: On 7/6/21 ~~a~~ A 13 Inch Television arrived at this Facility from Elmira C.F. through the package room. The television had a broken screen and the serial numbers on it, did not match the television from the Elmira Commissary that I purchased in April 2021. C.O. Megan Naida claims that I broke the T.V. but on the I-64 and the Cell Search Reciept, it does not list a damaged or broken television. Megan Naida destroyed my property television and then replaced it with a broken television and falsified documents in retaliation and in her involvement in assaulting me with Timothy Sewalt, Corey May, and Evans along with the unidentified gallery officer on April 16, 2021.
Grievant Signature: ~~Christopher Turner~~

Action Requested by Inmate: Reimbursement in full for the total cost and a proper investigation and disciplinary action against the officers involved.

CC: File

FORM 2131 (REVERSE) (REV. 11-11)

**RESPONSE OF IGRC: FPT-1004-21**              **16A2010**

Grievant states broken TV.

After review and consideration, the IGRC closes and dismisses this grievance in accordance with Directive 4040, Section 701.5(b), (4), (i), (c) and Section 701.3(e), (2) as the grievant is seeking a decision or an appeal of a decision otherwise attainable through the established procedure for Inmate Personal Property Claim. In accordance with Directive 4040, Section 701.5(b), (4) (iii), if grievant believes that the dismissal is not authorized by the Directive, They may apply to the IGP Supervisor within seven calendar days after receipt of the IGRC's decision to dismiss the grievance.

**Grievance: Closed/Dismissed**

DATE RETURNED TO INMATE   **JUL 2 1 2021**      IGRC MEMBERS _____ Richards

CHAIRPERSON _____                           _____

                                               _____

RETURN WITHIN 7 CALENDAR DAYS AND CHECK APPROPRIATE BOXES.*

[X] I DISAGREE WITH IGRC RESPONSE AND WISH TO        [ ] I HAVE REVIEWED DEADLOCKED RESPONSES

APPEAL TO THE SUPERINTENDENT                         PASS THRU TO SUPERINTENDENT

[ ] I AGREE WITH THE IGRC RESPONSE AND WISH TO       [X] I APPEAL TO THE IGP SUPERVISOR FOR

APPEAL TO THE SUPERINTENDENT                         REVIEW OF DISMISSAL

SIGNED _____                                      **7/22/21**

                GRIEVANT                                      DATE

_____

        GRIEVANCE CLERK'S RECEIPT                            DATE

**TO BE COMPLETED BY GRIEVANCE CLERK.**

GRIEVANCE APPEALED TO THE SUPERINTENDENT        _____

                                                     DATE

GRIEVANCE FORWARDED TO THE SUPERINTENDENT FOR ACTION   _____

*AN EXCEPTION TO THE TIME LIMIT MAY BE REQUESTED UNDER DIRECTIVE #4040, SECTION 701.6(g)



**Corrections and
Community Supervision**

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

To: Turner, C 16A2010/77-0D-002

From: M. Schultz, IGPS

Date: 8/5/21

Subject:     grievances

    Grievance #FPT-01004-21 was dismissed and closed. This means it can't be appealed to the Superintendent. I reviewed it and determined it would remain dismissed and closed. Regarding your sexual harassment, threats, and abuse grievance. The sexual harassment section had to be filed as a separate grievance. It was filed as FPT-0629-21. It was sent to the watch commander and is considered closed by the grievance office. The threats and assault sections were filed as one grievance FPT-0630-21 and is still being investigated.



**NEW YORK STATE** | **Corrections and Community Supervision**

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

## MEMORANDUM

**TO:**      Inmate: Turner, C      DIN: 16A2010$   Housing Location: 77-0C-001

**FROM:**   M. Schultz, Inmate Grievance Program Supervisor

**DATE:**   April 27, 2021

**SUBJ:**   Grievance Complaint Alleging Sexual Abuse or Sexual Harassment

In accordance with Directive #4040 § 701.3 (i), any inmate grievance complaint filed alleging sexual abuse or sexual harassment (PREA complaint) shall immediately be reported by the IGP Supervisor to the Watch Commander for further handling in accordance with Department policies. The grievance shall be deemed exhausted upon filing for Prison Litigation Reform Act (PLRA) purposes. If the grievance does not set forth any additional timely matters that require a response, the grievance shall be closed.

Your grievance # FPT-0629-21, dated 4/27/21, has been forwarded to the Watch Commander in accordance with Directive #4040 § 701.3 (i) and the Department's Sexual Abuse and Sexual Harassment Reporting and Investigation Policies.

☐     Your grievance contains only allegations of sexual abuse or sexual harassment. Accordingly, your grievance is deemed exhausted and has been closed. You will not receive a response to this complaint through the Inmate Grievance Program mechanism.

☒     Your grievance contains allegations of sexual abuse or sexual harassment as well as additional timely matters unrelated to sexual abuse or sexual harassment. Your complaint will be treated as two separate grievances. The sexual abuse/sexual harassment allegations have been reported to the facility Watch Commander in accordance with Department policy. The complaints about timely matters unrelated to the sexual abuse or sexual harassment allegations will be treated as a separate grievance logged as #FPT-0630-21 and will be processed in accordance with Directive #4040. You will not receive a response to your sexual abuse/sexual harassment complaint through the Inmate Grievance Program mechanism.

cc:  SA/SH Grievance # FPT-0629-21 file

To: Superintendent Rich

From: C. Turner   16A2010   4/15/21

Re: Threatened and Sexually Harassed by C.O. Naida

Naida is still threatening me. Today she
approached me while I was in the shower
and told me that you and the IGPS gave.
her my complaints and y'all wont stop her from
getting my ass beat and she made observe
sexually degrading marks about my body's pulled oc spray on me

**D-2**

IS THERE NEED FOR A FORMAL MENTAL HEALTH/INTELLECTUAL CAPACITY ASSESSMENT? Y / Ⓝ

DOES THIS MISCONDUCT MEET THE CRITERIA FOR WORKPLACE VIOLENCE? Y / Ⓝ

| NUMBER | DESCRIPTION OF CHARGES | REPORTED BY | DISPOSITION |
|---|---|---|---|
| 100.11 | ASSAULT ON STAFF | SGT MAZZARACCO, D J | Guilty |
| 113.10 | WEAPON | | Guilty |
| 114.10 | SMUGGLING | | Guilty |
| 106.10 | REFUSING DIRECT ORDER | | Guilty |
| 115.10 | REFUSE SEARCH OR FRISK | | Guilty |

| | DESCRIPTION | PENALTY START | RELEASE | |
|---|---|---|---|---|
| A000 | SHU | 365d | 3/6/22 | 3/5/23 |
| E000 | Packages | 365d | 3/28/22 | 3/27/23 |
| F000 | Commissary | 365d | 3/28/22 | 3/27/23 |
| H000 | Good Time | 6 m | | |

D - 17

4/26/21 10³⁰a    CO Labré

4 30 21 10 38 A    Ed Sgt G Woodward

5 4 21 3 40 P    Ed Sgt G Woodward

CO    PENALTY 1    Guilty

Guilty

Guilty

| | | PENALTY START | RE-START SUSPEND | | |
|---|---|---|---|---|---|---|
| A000 | SHU | 60d | 1/6/22 | 3/6/22 | | |
| E000 | Packages | 60d | 1/28/22 | 3/28/22 | | |
| F000 | Commissary | 60d | 1/28/22 | 3/28/22 | | |

```
04/13/2021        NYS  .PT OF CORRECTIONS & COMMUNITY   'ERVISION        PAGE   1
DCP004               SUPERINTENDENT  HEARING DISPOSITION RENDERED
```

                    ELMIRA GENER                      TAPE NUMBER  46
                                                                47 Confidential
DIN: 16A2010 NAME: TURNER, CHRISTOPHER              LOCATION: OC-03-19S

INCIDENT DATE & TIME:      04/12/2021   08:35 PM   TIER 3

REVIEW DATE:               04/12/2021        BY: LT  WOLF, E T

DELIVERY DATE & TIME:      04/13/21    09:20 AM BY: CO  FERRITER, E M

HEARING START DATE & TIME: 4/15/21  9:07 A  BY: EdSup G.Woodward

HEARING END DATE & TIME:  5/4/21  3:25 P  BY: EdSup G.Woodward
WAS THERE NEED FOR A FORMAL MENTAL HEALTH/INTELLECTUAL CAPACITY ASSESSMENT? Y / N
DOES THIS MISCONDUCT MEET THE CRITERIA FOR WORKPLACE VIOLENCE?  Y / N
CHARGE

| NUMBER | DESCRIPTION OF CHARGES | REPORTED BY | DISPOSITION |
|--------|------------------------|-------------|-------------|
| 104.11 | VIOLENT CONDUCT | CO  FARIA, E J | Guilty |
| 104.13 | CREATING A DISTURBANCE | | Guilty |
| 100.10 | ASSAULT ON INMATE | | Guilty |
| 100.13 | FIGHTING | | Guilty |
| 106.10 | REFUSING DIRECT ORDER | | Guilty |
| 105.13 | GANGS | CO  NAIDA, M V | Guilty |

ANY GUILTY DISPOSITION WILL RESULT IN A MANDATORY DISCIPLINARY SURCHARGE IN THE
AMOUNT OF FIVE($5.00) DOLLARS BEING ASSESSED AUTOMATICALLY AGAINST THE INMATE.
SANCTION DATES BELOW ARE SUBJECT TO REVIEW/CHANGE, AND WILL BE CONSECUTIVELY ADDED TO
ANY SIMILAR CURRENT SANCTION. IN ADDITION, WHENEVER A CONFINEMENT PENALTY IS BEING
SERVED AND A MORE RESTRICTIVE CONFINEMENT PENALTY IS IMPOSED AS A RESULT OF ANOTHER
HEARING, THE MORE RESTRICTIVE PENALTY SHALL BEGIN TO BE SERVED IMMEDIATELY, AND ANY
TIME OWED ON THE LESS RESTRICTIVE PENALTY SHALL BE SERVED AFTER COMPLETION OF THE
MORE RESTRICTIVE PENALTY PERIOD.

| PENALTY CODE | DESCRIPTION | PENALTY MO DAYS | START DATE | RELEASE DATE | SUSPEND MO DAYS | DEFERRED MO DAYS | RESTITUTION $$$$ . ¢¢ |
|--------------|-------------|-----------------|------------|--------------|-----------------|------------------|----------------------|
| A400 | Prehearing SHU | 23 d | 4/12/21 | 5/4/21 | | | |
| A000 | SHU | 247 d | 5/4/21 | 1/6/22 | | | |
| E000 | Packages | 270 d | 5/4/21 | 1/28/22 | | | |
| F000 | Commissary | 270 d | 5/4/21 | 1/28/22 | | | |

SUPERINTENDENT HEARING DISPOSITION RENDERED

FILE NO: B000                                          CASE NUMBER: D-27

RE: 00T010 PANEL TURNER, CHRISTOPHER                   LOCATION: 37-00-017

INFRACTION DATE & TIME:  04/12/2021   08:00 PM   TIER 3

OFFICER CALL:            04/18/2021            BY: LT. KENDALL, M.

HEARD DATE & TIME:       4/26/21  10:20 am  BY: CO Matul

HEARING START DATE & TIME:  4/30/21  10:52 A  BY: Ed Sup G. Woodward

HEARING END DATE & TIME:  5/4/21  4:04 P  BY: Ed Sup G. Woodward

IS THERE NEED FOR A FORMAL MENTAL HEALTH/INTELLECTUAL CAPACITY ASSESSMENT? (N) Y ?

TEST                                                              DISPOSITION

PLEA   EXPLANATION OF CHARGES              GROUP NUMBER

FINDING  GUILTY                            CO  NASAL, R.V        Guilty

A PENALTY DISPOSITION WILL RESULT IN ...

| CODE | TITLE | PENALTY KEPT TO DAYS/DATE | PENALTY BEGINS DATE | PENALTY ENDS DATE |
|------|-------|---------------------------|---------------------|-------------------|
| A000 | SHU | 180 d | 3/5/23 | 8/31/23 | | |
| E000 | Packages | 180 d | 3/27/23 | 9/22/23 | | |
| F000 | Commissary | 180 d | 3/27/23 | 9/22/23 | | |

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
THE HARRIMAN STATE CAMPUS - BUILDING 2
1220 WASHINGTON AVENUE
ALBANY, N.Y.  12226-2050


REVIEW OF SUPERINTENDENT'S HEARING    77-B-14

NAME:  TURNER, CHRISTOPHER          NO.  16A2010

HEARING FACILITY:  FIVE POINTS


ON BEHALF OF THE COMMISSIONER AND IN RESPONSE TO YOUR RECENT

LETTER OF APPEAL, PLEASE BE ADVISED THAT YOUR SUPERINTENDENT'S HEARING OF

MAY 4, 2021,       HAS BEEN REVIEWED AND MODIFIED ON MAY 28, 2021.

PENALTIES:
270 DAYS SPECIAL HOUSING UNIT
270 DAYS LOSS OF PACKAGES
270 DAYS LOSS OF COMMISSARY
 6 MONTHS REC'D LOSS OF GOOD TIME

 ** REPORT OF SGT MAZZARACO, INCIDENT OF 4/16/21 @ 5:45PM **




_____A. RODRIGUEZ_____
ACTING DIRECTOR, SPECIAL HOUSING/
INMATE DISCIPLINARY PROGRAM


CC: FACILITY SUPERINTENDENT
    CENTRAL OFFICE FILES


APPEAL DECISION RENDERED PURSUANT TO SECTION 254.8 OF CHAPTER V AND
ELECTRONICALLY PRODUCED UPON THE AUTHORITY OF THE DIRECTOR OF SPECIAL
HOUSING/INMATE DISCIPLINE PROGRAM.

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
THE HARRIMAN STATE CAMPUS - BUILDING 2
1220 WASHINGTON AVENUE
ALBANY, N.Y.  12226-2050


REVIEW OF SUPERINTENDENT'S HEARING    *77-B-14*

NAME:  TURNER, CHRISTOPHER                NO.  16A2010

HEARING FACILITY:  FIVE POINTS


ON BEHALF OF THE COMMISSIONER AND IN RESPONSE TO YOUR RECENT

LETTER OF APPEAL, PLEASE BE ADVISED THAT YOUR SUPERINTENDENT'S HEARING OF

MAY 4, 2021,        HAS BEEN REVIEWED AND AFFIRMED ON MAY 28, 2021.

* REPORT OF CO SEWALT, INCIDENT OF 4/16/21 @4:25PM*


_____A. RODRIGUEZ_____
ACTING DIRECTOR, SPECIAL HOUSING/
INMATE DISCIPLINARY PROGRAM


CC: FACILITY SUPERINTENDENT
    CENTRAL OFFICE FILES


APPEAL DECISION RENDERED PURSUANT TO SECTION 254.8 OF CHAPTER V AND
ELECTRONICALLY PRODUCED UPON THE AUTHORITY OF THE DIRECTOR OF SPECIAL
HOUSING/INMATE DISCIPLINE PROGRAM.

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
THE HARRIMAN STATE CAMPUS - BUILDING 2
1220 WASHINGTON AVENUE
ALBANY, N.Y.  12226-2050

REVIEW OF SUPERINTENDENT'S HEARING     77-B-14

NAME:  TURNER, CHRISTOPHER          NO.  16A2010

HEARING FACILITY:  ELMIRA


ON BEHALF OF THE COMMISSIONER AND IN RESPONSE TO YOUR RECENT

LETTER OF APPEAL, PLEASE BE ADVISED THAT YOUR SUPERINTENDENT'S HEARING OF

MAY 4, 2021,        HAS BEEN REVIEWED AND AFFIRMED ON JUNE 9, 2021.

*REPORT OF CO FARIA, INCIDENT OF 4/12/2021 @ 8:35PM*




_____D. VENETTOZZI_____
DIRECTOR, SPECIAL HOUSING/
INMATE DISCIPLINARY PROGRAM


CC: FACILITY SUPERINTENDENT
    CENTRAL OFFICE FILES


APPEAL DECISION RENDERED PURSUANT TO SECTION 254.8 OF CHAPTER V AND
ELECTRONICALLY PRODUCED UPON THE AUTHORITY OF THE DIRECTOR OF SPECIAL
HOUSING/INMATE DISCIPLINE PROGRAM.

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
THE HARRIMAN STATE CAMPUS - BUILDING 2
1220 WASHINGTON AVENUE
ALBANY, N.Y.  12226-2050

REVIEW OF SUPERINTENDENT'S HEARING    77-B-14

NAME:  TURNER, CHRISTOPHER          NO.  16A2010

HEARING FACILITY:  FIVE POINTS

ON BEHALF OF THE COMMISSIONER AND IN RESPONSE TO YOUR RECENT

LETTER OF APPEAL, PLEASE BE ADVISED THAT YOUR SUPERINTENDENT'S HEARING OF

MAY 4, 2021,          HAS BEEN REVIEWED AND MODIFIED ON MAY 28, 2021.

PENALTIES:
30 DAYS LOSS OF PACKAGES
30 DAYS LOSS OF COMMISSARY

** REPORT OF CO NAIDA, INCIDENT OF 4/17/21 @8:00PM*

_____A. RODRIGUEZ_____
ACTING DIRECTOR, SPECIAL HOUSING/
INMATE DISCIPLINARY PROGRAM

CC: FACILITY SUPERINTENDENT
    CENTRAL OFFICE FILES

APPEAL DECISION RENDERED PURSUANT TO SECTION 254.8 OF CHAPTER V AND
ELECTRONICALLY PRODUCED UPON THE AUTHORITY OF THE DIRECTOR OF SPECIAL
HOUSING/INMATE DISCIPLINE PROGRAM.



**NEW YORK STATE**

## Corrections and Community Supervision

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

June 30, 2021

Mr. Christopher Turner
16-A-2010
Five Points Correctional Facility
6600 State Route 96
Caller Box 119
Romulus, NY 14541

Dear Mr. Turner:

This is in response to your letters requesting reconsideration of your appeals regarding the Superintendent's Hearings of May 4, 2021 @ 3:54 p.m., and May 4, 2021 @ 4:04 p.m.

I do not believe there are sufficient grounds to reconsider the previous decisions on these hearings. No further administrative action will be taken.

I encourage you to continue to exhibit positive behavior and avoid any further disciplinary problems.

Sincerely,

Donald Venettozzi   For
Director, Special Housing/
Inmate Disciplinary Programs

DV:tb
cc:    Superintendent Lamanna, Five Points Correctional Facility
       Central Files

# EXHIBIT F

- April 19, 2021 Grievance

- May 6, 2021 Letter of Appeal to Superintendent

- May 27, 2021 Letter of Appeal to CORC

- June 19, 2021 Letter to CORC Directly

- USPS Certified Mail/Return Reciept to CORC

State of New York Department of Corrections Community Supervision

## INMATE GRIEVANCE COMPLAINT

Elmira Correctional Facility          Grievance No.

Christopher Turner    Din: 16A2010    Date: 4/19 2021

Description of Problem:

IGPS O'dell has continued ~~to obstruct and interfere~~ with my access to the Elmira Grievance Program she is not filing none of my grievances and she is not filing my appeals. She gave Naida my grievance to throw away and I just don't know what to do anymore. I'm frustrated, annoyed, tired and I feel helpless.

Grievant Signature ~~Christopher Turner~~

Action Requested by Grievant:
I want my grievances and appeals filed.

Christopher Turner
Din. 16A2010
Five Points C.F.
6600 State Route 96
Romulus, N.Y. 14541

May 6, 2021

Attention:
Inmate Grievance Program Supervisor "D'Dell"
Elmira Correctional Facility
1879 Davis Street  Elmira N.Y. 14901

Re: Notice of Appeal to Superintendent of April 19, 2021 Grievance
"IGPS Obstructing my access to the IGP"

   Sixteen (16) Calendar days have passed without me being
notified of a decision by the IGRC. I have not signed an
extension form. I am excercising my right under Directive 4040,
Section 701.5 (c)(1), to appeal to the next stage. I want
my appeal sent on to the Superintendent.

                              Respectfully Submitted,
                              Christopher Turner
                              Christopher Turner

cc: File

Christopher Turner

Din: 16A2010

Five Points C.F.

6600 State Route 96

Romulus, N.Y. 14541


May 27, 2021

Attention:

Inmate Grievance Program Supervisor O'Dell

Elmira Correctional Facility

1879 Davis Street, Elmira, N.Y. 14901


Re: Notice of Appeal to CORC of April 19, 2021 Grievance
"IGPS Obstructing my access to the IGP"


Please Take Notice that I have not recieved a decision
from the Superintendent within twenty (20) calendar days.
I have not signed an extension form. I am exercising
my right under Directive 4040, Section 701.5 (d)(1), to appeal
to the next stage. I want my appeal sent on to the CORC.


Respectfully Submitted,

Christopher Turner


CC: File

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Central Office Review Committee
New York State DOCCS
The Harriman State Campus
1220 Washington Avenue
Albany, N.Y. 12226-2050

9590 9402 6081 0125 2195 66

2. Article Number *(Transfer from service label)*

7020 0640 0000 7078 4737

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

RECEIVED
JUN 2 3 2021

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ___ il Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

Christopher Turner
Din: 16A2010
Five Points C.F.
6600 State Route 96
Romulus, N.Y. 14541

June 19, 2021

To: Central Office Review Committee (CORC
    NYS Department of Correction & Community Supervision
    1220 Washington Avenue, Albany, N.Y. 12226-2050

Re: Unanswered Grievances and Appeals. Access to Elmira IGP is being
obstructed and interefered with by IGPS "O'Dell".

    Dear CORC,

        Please be advised that IGPS O'Dell has obstructed my access
to the IGP by not submitting my grievances to the Grievance
Clerk for filing. She is not filing my appeals to the Superintendent
or the CORC. Attached to this letter is my March 10, 2021 Grievance
March 28 2021 Appeal, April 26 Appeal; April 2, 2021 Grievance, April 23, 2021
Appeal, May 14, 2021 Appeal; April 19, 2021 Grievance, May 6, 2021 Appeal,
May 27, 2021 Appeal; April 19, 2021 Grievance, May 6, 2021 Appeal, and
May 27, 2021 Appeal. Please file my appeals and direct O'Dell to
conduct an investigation into these grievances. I am
sending this letter and the aforementioned documents through
the United States Postal Service Certified Mail/Return Reciept
Service and the following are the tracking numbers.

Certified Mail # 7020 0640 0000 7078 4737
Return Reciept # 9590 9402 6081 0125 2195 66

Dated: 6/19/21                      Respectfully Submitted,
                                    Christopher Turner
                                    Christopher Turner

CC: File

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Christopher Turner 16-A-2010, Pro Se

**DEFENDANTS** C.O.'s: Timothy Sewalt, Megan V. Nuida, Co... May, John Doe 1, John Doe 2, Jamie Knowles, Mark J. Bellom... Walter W. Bellomy, Brian A Eno, Patrick J. Moffe 11) Adam ... Parks, Sergeant's, Brian J. Evans, Daniel J. Muzzaraco, Lieutena... Michael A Mandell, Joscen Ricciardelli, Jona J. Ricciardelli, Shane... Michael A Misti? ...

**(b)** County of Residence of First Listed Plaintiff    Seneca
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Chemung
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Christopher Turner 16-A-2010, Pro-Se
Five Points Correctional Facility
6600 State Route 96
Romulus, New York 14541

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [X] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |

*(continued nature-of-suit items omitted where not marked)*

**PRISONER PETITIONS** — Other: [X] 550 Civil Rights

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Civil Rights Act 42 U.S.C. 1983, 1985 (2)

Brief description of cause: Medical Deliberate Indifference, Excessive Force, Failure to Protect, Unlawful confinement/Due Process, Retaliation of Free Speech, Conspiracy, Cruel & unusual Punishm...

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ Not Less Than 500,000

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE  August 30, 2021

SIGNATURE OF ATTORNEY OF RECORD  *Christopher Turner*  Christopher Turner Pro Se

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____